755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM F. DENTON, PLAINTIFF-APPELLANT,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 84-5145
 United States Court of Appeals, Sixth Circuit.
 1/2/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: EDWARDS and JONES, Circuit Judges; and PHILLIPS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant appeals from the judgment of the district court, which affirmed the Secretary's denial of disability benefits under Title II and supplemental security income disability benefits under Title XVI of the Social Security Act. Upon consideration of the issues presented in this appeal, we affirm.
 
 
 2
 On August 22, 1981 and August 24, 1981, Denton filed his fourth application[1] for disability insurance benefits and supplemental security benefits. In that application he alleged disability as of June 16, 1981 due to 'mental, blood clots, ulcer, kidney, back, etc.' Our review, therefore, is concerned solely with benefits for the period of time from June, 1981 to July, 1983.
 
 
 3
 Although the Secretary conceded that Denton has a borderline adjustment reaction, hypertension, and a history of bronchial asthma, the Secretary denied his claims initially and on reconsideration. On September 20, 1982, the ALJ denied benefits for four reasons. First, Denton did not have a severe physical impairment because his treating physician stated that he failed to suffer from any of the impairments that he listed on his application. Second, Denton had an I.Q. of 84. Third, his subjective complaints of pain were not credible and he refused treatment designed to lessen that pain. Fourth, Denton's functional restrictions were not severe.
 
 
 4
 On March 30, 1983, the Appeals Council, after considering an additional psychological report and written argument of Denton's counsel, affirmed the ALJ's denial. Denton sought judicial review. The district court, however, affirmed the Secretary's decision.
 
 
 5
 Appellate review of the Secretary's decision to deny social security disability and supplemental security income benefits is limited to determining whether there exists substantial evidence on the record, as a whole, to support findings that the claimant is not disabled within the meaning of either Title II or Title XVI of the Social Security Act. See Richardson v. Perales, 402 U.S. 389 (1971); Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir. 1981) (Kennedy, Martin, Cowen), cert. denied, 103 S.Ct. 2428 (1983); 42 U.S.C. Sec. 405(g) (judicial review of Title II decision requires substantial evidence); 42 U.S.C. Sec. 1383(c)(3) (judicial review of Title XVI decision is subject to same scope of review as Title II decision). Substantial evidence, regardless of the statutory context, exists when there is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401, quoting, Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). After having reviewed the entire record, which includes the briefs and oral arguments of counsel, this Court concludes that there exists substantial evidence that Denton is not mentally retarded.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Denton's other three applications are not before this Court because he did not seek judicial review of the Secretary's decisions regarding those applications